## CIRCUIT COURT OF ROCKINGHAM COUNTY

David Broad

    v.

Commonwealth of Virginia

July 24, 1995

Case No. (Chancery) 15400

BY JUDGE PORTER R. GRAVES, JR.

The captioned matter is before the Court upon a Petition for Expungement filed by the petitioner, David E. Broad, moving for expungement of a certain charge of reckless handling of a firearm, which was dismissed in the General District Court of Rockingham County on June 2, 1995, upon the police and Court records relating to the charge.

As required by § 19.2-392.2 of the Code of Virginia, 1950, as amended, the hearing was held on the 13th day of July, 1995. Present at the hearing were the petitioner in person, together with David A. Downes, Esq., his counsel, and Douglas T. Stark, Esq., Commonwealth's Attorney for the City of Harrisonburg and Rockingham County, Virginia, for the Commonwealth.

I will not restate the facts since they were stipulated as set forth in the petition, except to the extent the Commonwealth challenges that the existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, who is certified as a law enforcement officer.

The Court heard testimony of the petitioner and Detective Lt. Dan Comer of the Rockingham County Sheriff's Department on behalf of the Commonwealth. The parties stipulated that the petitioner has no prior record.

Subsection (E) of § 19.2-392.2 provides as follows:

> The court shall conduct a hearing on the petition. If the court
> finds that the continued existence and possible dissemination of

information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records relating to the charge. Otherwise, it shall deny the petition. However, if the petitioner has no prior criminal record and the arrest was for a misdemeanor violation, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of police and court records relating to the charge, and the court shall enter an order of expungement.

The parties stipulate that the charge was dismissed in the General District Court of Rockingham County and was for an alleged misdemeanor violation.

In the present case, the Commonwealth relies on its ability to show "good cause to the contrary" and argues against granting the petition as follows:

(1) That the continued existence and possible dissemination of information of the arrest alone (even though the charge is dismissed) is relevant to and indicative of petitioner's qualification and fitness as a law enforcement officer; and

(2) That it is an historical fact and should be maintained for reference by law enforcement agencies or other potential employers.

I have considered both the argument of counsel at the hearing on July 13, 1995, as well as the trial memorandum of the petitioner.

The reason for the Commonwealth's objection to granting the petition is generic, not specific. No evidence was placed before the Court on the particular charge sought to be expunged. Also, it would be difficult for the Court to consider any charge which is alleged to be a violation of the law, lodged against the petitioner or any other law enforcement officer, as being different from what the Commonwealth argues in the present case. Furthermore, it would appear that any charge when lodged, even though subsequently dismissed, is a historical fact. Finally, if the preservation of the record and denial of expungement is relevant for law enforcement agencies, why would it not be relevant for many other employers?

In order to find "good cause shown to the contrary by the Commonwealth" to deny the petition, on the Commonwealth's generic argument alone, would certainly put law enforcement personnel in a different class and under separate consideration from other individuals.

Certainly, there are many circumstances that may exist with respect to a charge, where a person may be acquitted, an order of *nolle prosequi* taken, or the charge may be otherwise dismissed, where good cause against such expungement may be shown by the Commonwealth. I cannot find that good cause is shown by the generic reasons given by the Commonwealth in the present case. To find such reasons as "good cause shown to the contrary by the Commonwealth" would fly in the face of the entitlement the Legislature has provided for such cases.

It must be remembered that the charge was a misdemeanor, the petitioner has no prior record, and the charge was ultimately dismissed.

Accordingly, I will grant the petition for expungement.